UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

WESTON CAPITAL ADVISORS, INC.
PENSION FUND

    Plaintiff,

    - against -

PT BANK MUTIARA TBK

    Defendant.

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 19, 2013
```

13 Civ. 06945 (PAC)

MEMORANDUM & OPINION

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant PT Bank Mutiara Tbk ("Defendant" or "Bank Mutiara") moves, pursuant to Fed. R. Civ. P. 60(b), to vacate a judgment entered ex parte upon the application of Plaintiff Weston Capital Advisors, Inc. Pension Fund ("Plaintiff" or "Weston") to recognize a judgment against Defendant in the country of Mauritius. For the reasons set forth below, the Court grants Defendant's motion, but provides that Plaintiff may seek an order of attachment pursuant to Federal Rule of Civil Procedure 64 and Article 62 of the CPLR for Defendant's assets located in New York.

### BACKGROUND

Weston commenced this action on October 1, 2013 by filing a verified petition and ex parte application for recognition of a foreign judgment obtained against Bank Mutiara in the Supreme Court of Mauritius-Commercial Division, dated February 15, 2013 (the "Mauritian Judgment"). The Mauritian Judgment was based on allegations that Bank Mutiara failed to return deposits made by First Global Funds Limited PCC ("FGFL"), totaling US $15,501,807, which FGFL had wired to Bank Mutiara in October 2008 and November 2008. FGFL attempted

to enforce the judgment in Mauritius, but Bank Mutiara held no assets there. FGFL sold the Mauritian Judgment to Weston pursuant to a Purchase and Sale Agreement dated September 30, 2013. Through the Agreement, FGFL received stock in Weston and Weston received the money judgment, which it sought to enforce in New York where Bank Mutiara holds assets.

On October 1, 2013, Weston initiated this action by filing, ex parte, a verified petition and application for recognition of a foreign judgment. On October 3, 2013, this Court ordered that Weston have judgment against Bank Mutiara based on the underlying Mauritian Judgment, and ordered service of process on Bank Mutiara. An affidavit of service of judgment on Bank Mutiara was entered on October 9, 2013, and Weston proceeded to enforce the judgment. On October 24, 2013, Plaintiff filed an ex parte motion for turn-over of Bank Mutiara's funds held by Standard Chartered Bank. On October 25, 2013, Plaintiff filed an ex parte motion for turn-over of Bank Mutiara's funds held by Wells Fargo Bank. This Court granted both turn-over motions on October 28, 2013.

Notwithstanding the notice it received, Bank Mutiara took no legal initiative until its assets were seized under the turn-over orders. At that point in time, Bank Mutiara retained counsel, and moved to enjoin enforcement of the turn-over orders. In response to Bank Mutiara's motion, this Court held oral argument on October 31, 2013. The contested issue was whether this Court should temporarily enjoin enforcement of the turn-over orders for the purpose of giving Defendant an opportunity to contest the conclusiveness of the Mauritian Judgment under NY CPLR Article 53.

The Court directed the parties to negotiate a TRO on consent, but when those negotiations failed, this Court issued a temporary restraining order ("TRO") on November 11, 2013. The terms of the TRO required Plaintiff to return the money transferred to it under the

turn-over orders, upon Defendant's posting a bond for the full amount of the Mauritian judgment. To date, Defendant has not posted such a bond.

Defendant now moves, pursuant to Federal Rule of Civil Procedure 60(b), to vacate this court's judgment recognizing the Mauritian Judgment, as well as the subsequent orders remitting $19,202,226.221 from Bank Mutiara's funds to Plaintiff. Defendant claims that (1) entering the judgment violated Defendant's right to due process because Plaintiff's motion was made ex parte, without notice to Defendant; (2) Plaintiff's purchase of the Mauritian Judgment was champertous and thus should never have been enforced; and (3) this Court lacked the ability to enforce the Mauritian Judgment because the Court does not have personal jurisdiction over the Defendant.

For the reasons that follow, this Court grants Defendant's motion to vacate the Court's judgment of October 3, 2013, which recognized and enforced the Mauritian Judgment. The Court erred when it entered judgment without prior notice to Defendant. In light of this disposition, and the recognized need for further proceedings as to the validity of the Mauritian judgment, it is unnecessary at this time to decide issues (2) and (3). These issues are preserved for subsequent proceedings.

## DISCUSSION

### I. Legal Standard

Bank Mutiara seeks vacatur of this Court's prior Judgment under Federal Rule of Civil Procedure 60(b)(6), which provides that "[o]n motion and just terms, the court may relieve a party . . . from final judgment, order, or proceeding" for any reason that justifies relief not specifically listed elsewhere in 60(b). Motions are in the sound discretion of the court, and

generally granted only upon a showing of exceptional circumstances. Mendell v. Gollust, 909 F. 2d 724, 731 (2d Cir. 1990).

## II. Procedural Due Process and Equitable Vacatur of the Judgment

"A New York court's decision whether to recognize a foreign judgment is governed only by Article 53 and the principles of comity." Ocean Warehousing B.V. v. Baron Metals and Alloys, Inc., et. al, 157 F.Supp.2d 245 (S.D.N.Y. May 29, 2001)(citing Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir. 1987). Article 53 specifies that "a foreign judgment is enforceable by an action on the judgment, a motion for summary judgment in lieu of complaint, or in a pending action by counterclaim, cross-claim or affirmative defense." N.Y. C.P.L.R. § 5303. There is no procedure for enforcing foreign judgments ex parte. What is essential is that "any kind of judgment obtained in a foreign country must be sued upon, thereby establishing a New York judgment, before the judgment debtor's New York property can be used to pay the debt." Vincent Alexander, Practice Commentaries, McKinney's Cons. Laws of N.Y. [hereinafter Commentaries], Book 7B, C.P.L.R. § 6201:5 (emphasis added). In an action brought under Article 53 of the CPLR, a judgment-debtor defendant is entitled to raise numerous grounds that CPLR § 5304 contemplates for non-recognition of a foreign judgment. See, e.g., Byblos Bank Europe, S.A. v. Sekerbank Turk Anonym Syrketi, 10 N.Y.3d 243, 248 (2008).

Enforcing a foreign judgment ex parte, as the Court allowed, deprived Defendant of notice of the pending action, which in turn denied Defendant "the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Defendant was never apprised of the action before judgment was entered, and was "never afforded an opportunity to present [its] objections," Mullane v. Cent. Hanover Bank & Trust Co.,

339 U.S. 306, 314 (1950), including the § 5304 grounds for non-recognition of a foreign judgment.

Rule 60(b)(6) gives the court broad powers of equity to do justice in this case. See Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012). While the judgment enforcing the Mauritian Judgment must be vacated, simply vacating the judgment would place Defendant in a better position than it would have been in, had the proper procedures been followed. Vacating the judgment without more would risk giving Defendant an opportunity to remove its assets from New York, making Plaintiff's enforcement of the judgment here impossible. This would not be equitable.

While a plaintiff's action to enforce a foreign judgment must proceed on notice, a plaintiff may appropriately seek attachment of a defendant's assets ex parte. CPLR § 6201; see AMF, Inc. v. Algo Distributors, Ltd., et al., 48 A.D.2d 352, 358-59 (holding that CPLR § 6201 is constitutional and that ex parte attachment does not violate due process). Under CPLR § 6201, a plaintiff may obtain an order of attachment where plaintiff demonstrates: (1) existence of a cause of action for money damages; (2) probability of success on the merits; (3) existence of one or more statutorily-enumerated grounds; and (4) the amount demanded from defendant exceeds all counterclaims known to plaintiff. Trafalgar Power, Inc. v. Aetna Life Ins. Co., 131 F.Supp.2d 341, 346 (N.D.N.Y. 2001). CPLR § 6201(5)'s purpose is to provide security while a New York enforcement proceeding of a foreign judgment is pending. "The defendant in [Article 53 foreign judgment] cases is an obvious security risk based on nonpayment of the former judgment—he is already a judgment debtor—and the claim is prima facie meritorious based on the judgment itself." Commentaries, CPLR § 6201:5.

Plaintiff may move <u>ex parte</u> for attachment under CPLR § 6201 prior to November 22, 2013, when the money must be remitted by Plaintiff to the banks that were subject to the turn-over orders. The Court will consider such application for attachment pursuant to Federal Rule of Civil Procedure 64 and Article 62 of the CPLR provided that the attachment order has an appropriate bond.

Accordingly, the Court's modified order ("Order") vacates the judgment, but affords Plaintiff an opportunity to move for attachment before the money is remitted by Plaintiff.

### III. Procedure Going Forward

As noted above, the Court anticipates that Plaintiff will seek an order of attachment of Defendant's assets located in New York, from funds including, but not limited to, those held by Standard Chartered Bank and Wells Fargo Bank. Plaintiff must post a proper bond for the attachment, pursuant to CPLR § 6212.

Plaintiff has already filed its Petition seeking enforcement of the Mauritian Judgment pursuant to CPLR Article 53. That Petition is sufficient under the Federal Rules of Civil Procedure to commence a civil action. Defendant has received appropriate notice of the civil action, and it may answer or otherwise move within 21 days from the date of this Order. The Court anticipates that the parties will follow the procedure set forth in Article 53, including § 5304 for non-recognition of a foreign judgment, and such other procedures as are appropriate.

## CONCLUSION

For the foregoing reasons, the Court vacates the October 4, 2013 order, but allows Plaintiff, if it chooses to do so, to seek an order of attachment. The Court's Order is signed separately.

Dated: November 19, 2013         SO ORDERED

New York, New York

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge