UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 5, 2015

WESTON CAPITAL ADVISORS, INC.,

       *Plaintiff*,

  -*against*-

PT BANK MUTIARA TBK,

       *Defendant*.

-------------------------------------------------------------X

13-CV-6945 (PAC)

WESTON INTERNATIONAL ASSET
RECOVERY CORPORATION, INC.,

       *Plaintiff*,

  -*against*-

PT BANK MUTIARA TBK

       *Defendant*.

-------------------------------------------------------------X

14-CV-4469 (PAC)

**SUMMARY ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On November 19, 2013, the Court vacated the judgment against Defendant PT Bank Mutiara Tbk and ordered Plaintiff Weston Capital Advisors, Inc. to return all previously attached funds to Defendant. Plaintiff is currently in contempt of this order; the Court granted Defendant limited discovery to ascertain facts relating to Plaintiff's ongoing failure to repay. Defendant now moves for an order removing the "Attorneys' Eyes Only" ("AEO") designation from 1,700 documents produced by Plaintiff.

Pursuant to the Stipulated Protective Order, the AEO designation is to be applied "only to proprietary trade secrets and competitive information" and must be applied "in good faith."

1

Stipulated Protective Order ¶ 2. Plaintiff asserts that the AEO is properly applied because the parties compete for the funds at stake here, therefore the documents contain "competitive information." This is a cute verbal trick, but it is not convincing. The two parties are fundamentally different: Plaintiff is a "distressed debt and litigation opportunities investment firm," Def.'s Mem. Supp., Ex. F, and Defendant is a commercial bank, *id.* at Ex. A. They are litigants, not competitors.

Plaintiff's argument that Defendant's new owner, J Trust Co. Ltd., has the "power and motive" to compete with Plaintiff if it intends, Pl.'s Mem. Opp. 6, is simply more wishful thinking. ("If wishes were horses, beggars would ride.") It is no more convincing than the prior verbal trick. *See In re Honeywell Intern., Inc. Securities Litigation*, 230 F.R.D. 293, 297 n. 1 (S.D.N.Y. 2001) ("In addition, plaintiffs are not in the auditing business and do not otherwise compete against PWC. Thus, the concern that PWC's proprietary software will be acquired by one of its rivals and used to its competitive disadvantage is de minimis.").

Plaintiff contends that Defendant will not abide by the confidentiality agreement contained in the Stipulated Protective Order and that the Court should be wary. Specifically, Plaintiff asserts that the Court would be "worse than naïve to believe that these people will supposedly voluntarily protect the confidentiality of Weston's business and financial information." Pl.'s Mem. Opp. 3. This argument ignores that the Stipulated Protective Order is a binding court order, enforceable by sanctions. The restrictions, agreed to by both parties, prevent any unauthorized disclosure of confidential information. Stipulated Protective Order ¶ 8 ("Persons having knowledge of Confidential Information by virtue of their participation in the conduct of these lawsuits shall use that Confidential Information only for the purposes of litigating these proceedings, and shall neither use nor disclose such Confidential Information to

any other person for any other purpose."). Moreover, Plaintiff's deduction from the structure of Defendant's internal governance that it "presumably intends" to disseminate the confidential information, Pl.'s Mem. Opp. 3, is clearly unsupported.

Finally, Plaintiff's "simple solution" of modifying the Stipulated Protective Order to provide "meaningful protection of their confidential information," Pl.'s Mem. Opp. 7, is unnecessary. Meaningful protections already exist in the Stipulated Protective Order. The Court reminds Plaintiff, yet again, that it is currently in contempt of the Court's November 19, 2013 order requiring the return of the attached funds.[1] Plaintiff is not in a position to quibble about the merits of erecting artificial barriers to meaningful discovery. The true "simple solution" is for Plaintiff to comply with the Court's order and repay the funds to Defendant.

Defendant's motion is GRANTED. Plaintiff is directed to remove its AEO designation from its documents produced. Each party is to bear the attorneys' fees and expenses of this motion. The Clerk of Court is directed to terminated doc # 94 in 13-cv-6945 and doc # 30 in 14-cv-4469.

Dated: New York, New York  
      February 5, 2015

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

---

[1] The Court notes the reduction of $175,000 in the amount outstanding to Plaintiff. *See* Greenwald Ltr., ECF No. 98.