# APPENDIX 7

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Suit No 1060 of 2015                )
Registrar's Appeal No 309 of 2016   )

Between

1. FIRST GLOBAL FUNDS LIMITED PCC
2. WESTON INTERNATIONAL ASSET RECOVERY COMPANY LIMITED
3. WESTON CAPITAL ADVISORS, INC
4. WESTON INTERNATIONAL ASSET RECOVERY CORPORATION, INC

... Plaintiffs

And

1. PT BANK JTRUST INDONESIA, TBK (FORMERLY KNOWN AS PT BANK MUTIARA TBK)
2. J TRUST CO., LTD

... Defendants

Coram :    Vinodh Coomaraswamy J                           In Chambers

*Mr Eugene Thuraisingam and Mr Suang Wijaya (Eugene Thuraisingam LLP)* for the Plaintiffs;
*Mr Balakrishnan Ashok Kumar, Mr Samuel Ng and Mr Kenneth Lim (BlackOak LLC) and Ms Choo Tse Yun (instructing counsel Linklaters LLP, by leave of the court)* for the Defendants;

### NOTES OF ARGUMENT

### 26 September 2016

DC:  With Your Honour's leave, may my instructing solicitor Ms Choo Tse Yun of Linklaters Singapore office sit in on the hearing? The grounds are set out in my letter dated 22 September 2016. I believe my learned friend has no real objections to it.

PC:  She is not a Singapore qualified lawyer, but we have no objections.

DC:  She is Singapore qualified but has no practising certificate.

PC:  Other than that, we have no objections.

| | | |
|---|---|---|
| 1 | | difference between legal set-off and equitable set-off is that the latter arises |
| 2 | | only out of cross claims that arise out of the same transaction or are closely |
| 3 | | connected with it. |
| 4 | Ct: | I know that. |
| 5 | PC: | It is my argument here that the Mauritian judgment and the proceedings |
| 6 | | here to seek to enforce it are closely connected. So apart from there being |
| 7 | | legal set off, there is also equitable set-off. |
| 8 | Ct: | I saw in the notes of the hearing below that the Assistant Registrar said she |
| 9 | | was not with you on the set-off point. But I did not see or read why she was |
| 10 | | with you. |
| 11 | PC: | She didn't explain in the notes. But it was on the basis of the arguments that I |
| 12 | | put forward. |
| 13 | Ct: | Is there anything else, Mr Thuraisingam? |
| 14 | PC: | That is all. |
| 15 | Ct: | I will now hear from Mr Ashok. I think you will have heard that I am more |
| 16 | | interested in the set-off point. |
| 17 | DC: | If I can deal with legal set-off first. The point that we made below and make |
| 18 | | again here is that the claims are not due and payable yet. To take my learned |
| 19 | | friend's argument on legal set-off to its extreme, which is a point I made |
| 20 | | below, in every case of the enforcement of a judgment by way of common |
| 21 | | law recognition, along the process, in terms of how the litigation proceeds, |
| 22 | | every order that is made for costs can be set off against the foreign judgment |
| 23 | | even though it is not due and payable here yet. That is a short circuit of the |
| 24 | | whole common law enforcement process. |
| 25 | Ct: | But in this case: (1) the foreign judgment is on the merits, *ie* it is not in |
| 26 | | default of appearance; and (2) you have raised no grounds formally or even |
| 27 | | informally to impeach the judgment. So on that basis, *prima facie*, the |
| 28 | | Mauritian judgment represents a judicial determination that the amount of |
| 29 | | US$5m is due from your client to the plaintiff. The fact that your client did |
| 30 | | not submit to the jurisdiction may affect enforceability in Singapore, but it |
| 31 | | does not affect the reach of the judgment in terms of adjudicating accurately |
| 32 | | on the merits. |

| | | |
|---|---|---|
| 1 | | enforce, is entitled to raise this argument to refuse to comply with the costs |
| 2 | | orders. |
| 3 | Ct: | What's wrong with that? When the party seeking to resist enforcement does |
| 4 | | not bring forward even an arguable basis on which to impeach the foreign |
| 5 | | judgment, and when the foreign judgment is one on the merits, not one by |
| 6 | | default? |
| 7 | DC: | Isn't that therefore the case that if the order doesn't confirm or allow the set- |
| 8 | | off and this point has not even been ventilated by the plaintiffs in the making |
| 9 | | of the order, this order should be allowed to stand. |
| 10 | Ct: | The question is not whether the costs orders are allowed to stand. The costs |
| 11 | | orders have been made and do stand. The question is whether the stay of |
| 12 | | proceedings ought to have been granted as the consequence of the plaintiffs' |
| 13 | | non-compliance. |
| 14 | DC: | We submit that the stay was correctly granted because the costs orders were |
| 15 | | made without provision for set-off. |
| 16 | Ct: | The question before me is not whether there is or is not a right of set-off. The |
| 17 | | question before me is whether the plaintiff's behaviour justifies an unless |
| 18 | | order of the type given. They say that they have not behaved contumeliously |
| 19 | | or contumaciously because they have a $5m judgment against the defendant |
| 20 | | on the merits which has not been appealed against in Mauritius. |
| 21 | DC: | That is precisely the point I am trying to make. That kind of argument can |
| 22 | | only be run if at the point of time when the order for costs was made, an |
| 23 | | argument was run that they are entitled to set off. Then the issue would have |
| 24 | | been before Your Honour. We are at the jurisdictional stage. |
| 25 | Ct: | Why must the order provide for set-off? Doesn't Order 59 provide the costs |
| 26 | | to be set off against costs? I cannot find the specific rule now. |
| 27 | DC: | I can see scope for set off of costs against costs in the same proceedings in |
| 28 | | Singapore even though the costs orders do not provide expressly for it. But in |
| 29 | | this case, what the plaintiff claims is an entitlement to set off costs ordered in |
| 30 | | Singapore against a judgment given outside Singapore and which has not yet |
| 31 | | been recognised in Singapore. |
| 32 | | Just to take this forward: the order of the Assistant Registrar – and Your |
| 33 | | Honour's order, if Your Honour dismisses this appeal – doesn't preclude the |
| 34 | | possibility of the plaintiffs revisiting the possibility of set-off in later costs |

|  |  |  |
|---|---|---|
| 1 |  | orders, if jurisdiction is assumed and after substantive defences are heard. I |
| 2 |  | am not saying that the set-off should be allowed, but certainly the plaintiffs |
| 3 |  | can revisit the issue. But as it stands now, we have not even reached the |
| 4 |  | stage where jurisdiction has been taken by the Singapore courts. The fact is |
| 5 |  | that we did not submit to the foreign jurisdiction, *ie* Mauritius. So it is |
| 6 |  | appropriate in these circumstances – where the Singapore court hasn't even |
| 7 |  | assumed jurisdiction yet, nor has the second defendant chosen to submit to |
| 8 |  | the Singapore court's jurisdiction – even to visit the issue of a set-off. |
| 9 |  | So the costs order stands as it is: unqualified. And in the circumstances, it is |
| 10 |  | clear that they don't intend to comply with any costs order that Your Honour |
| 11 |  | makes or indeed any order, whether for costs or otherwise. |
| 12 | Ct: | Why do you say that they don't intend to comply with any order "whether for |
| 13 |  | costs or otherwise"? |
| 14 | DC: | If there are other types of orders made by Your Honour, the plaintiffs' |
| 15 |  | approach won't apply because that will not be a costs setoff situation. So it |
| 16 |  | should be any costs orders made. |
| 17 |  | But the fact is that they should not be allowed to ignore the costs order |
| 18 |  | which on the face of it has to be complied with. And by their very own |
| 19 |  | arguments conveyed to the court, they have said clearly that they are not |
| 20 |  | going to comply with it. |
| 21 | Ct: | If their basis for non-compliance is well-founded on the facts as they appear |
| 22 |  | before me today – and as you choose to put them before me today for your |
| 23 |  | own tactical purposes – and if you have available to you the option of levying |
| 24 |  | execution to enforce the costs orders , which again you choose not to pursue |
| 25 |  | for your own tactical purposes – why should you be extended the indulgence |
| 26 |  | which the Assistant Registrar granted you of sitting back in these |
| 27 |  | proceedings, during the period of a stay, and waiting for the money to come |
| 28 |  | in from the plaintiffs? |
| 29 | DC: | If Your Honour looks at the balance of fairness and justice in this case, we |
| 30 |  | have complied with every costs order that has been made against us. |
| 31 | Ct: | ==Because you are a net debtor.== |
| 32 | DC: | It is just that there are court orders and we have to comply. |
| 33 |  | At the same time, when jurisdiction is a live issue and given the way that they |
| 34 |  | tried to lock in jurisdiction in the application that did not succeed, which gave |

| | | |
|---|---|---|
| 1 | | you levy execution to enforce the costs orders and they then assert a right of set-off to try and set aside the execution, then the Assistant Registrar hearing that application will have to decide the issue. But I don't have to decide that issue today. The only question before me is whether the plaintiffs' failure – or refusal – to pay the costs is contumelious or contumacious. |
| 6 | DC: | We say it is, in the light of all the circumstances: (1) jurisdiction is a live issue; (2) we did not submit to the Mauritian court's jurisdiction; (3) we did not participate in those proceedings; (4) seeing that jurisdiction is a live issue in Singapore, enforcement of the costs order here could be seen as a step in these proceedings; (5) saying that they are not going to comply with this costs order because they have a judgment in Mauritius – which we have not submitted to the jurisdiction of. It is contumelious. They are just not going to comply with it. |
| 14 | | We would be prejudiced because if we take out enforcement proceedings, then it can be said that we have submitted to the jurisdiction when jurisdiction is live. That is the kind of tactical game that they are playing. I ask Your Honour to decide that they are being contumelious in their conduct. And the court should not allow that kind of tactical play. |
| 19 | Ct: | Are you saying that your client is prejudiced in any other way? For example, that if they don't pay now, they may not have the money to pay later? |
| 21 | DC: | I think that is actually a factor that we have raised in showing that they have the ability to pay. They can pay, the just don't want to pay. That is why we say it is contumelious. And Your Honour can see that in the US proceedings, there is a course of conduct by the plaintiff in showing that same sort of contumelious behaviour in ignoring court orders. |
| 26 | Ct: | Summarise that for me? |
| 27 | DC: | In the US proceedings, there is a sum of US$5m due and payable and the plaintiffs have been cited for contempt. There was money which they were supposed to have returned to the defendant which was not returned. Until today, that has not been complied with. That is the kind of conduct and the kind of party we are dealing with. If there is anything showing bad conduct or contumelious conduct, it is the plaintiff. |
| 33 | | Every costs order we have paid. |
| 34 | Ct: | I think the plaintiffs would be happier if you paid the judgment debt. |

| | | |
|---|---|---|
| 1 | DC: | Should the judgment have been made in the first place? That is the live issue. |
| 2 | | Just to make a further point: the very fact that we have not submitted to the jurisdiction of the Mauritian court is a substantive defence to the Singapore proceedings. |
| 5 | Ct: | It is a substantive defence to the <u>enforcement</u> proceedings. It is not a substantive defence to the underlying claim which the Mauritian court has determined on the merits. |
| 8 | DC: | That again comes back to the point that the underlying debt is not due and payable. |
| 10 | Ct: | ==Just because you did not submit to the Mauritian court's jurisdiction does not mean that the debt which the Mauritian court found to be due and payable is not due and payable.== |
| 13 | DC: | Enforceability has to come back to whether the Singapore court has jurisdiction in the first place. |
| 15 | Ct: | This application does not require me to allow anything. It just requires me to examine the quality of the plaintiffs' conduct. |
| 17 | | You are challenging jurisdiction. My response was that that goes to enforceability rather than to the merits of the underlying claim, which the Mauritian court has determined on the merits. |
| 20 | DC: | My response to that is – and I don't have direct authority for this – that set-off may well apply in proceedings that are brought in Mauritius. But the point is that we didn't submit to that jurisdiction and it is a substantive defence that we are entitled to run in the Singapore proceedings which will result in the sum not being payable. And the Singapore court is the same court which has made the costs order which has not been complied with. And the fact is that the order of court itself does not include the qualification that they are entitled to set off. |
| 28 | Ct: | ==My point again is that if the plaintiffs chose to sue in Singapore on the underlying claim rather than suing on the Mauritian judgment, the issue of whether your clients submitted to the jurisdiction of the Mauritian court would be wholly irrelevant. If that is the case, isn't it correct that your success on the submission point will not directly impeach the merits of the Mauritian judgment? Which has determined that your clients owe the plaintiff US$5m?== |

| | | |
|---|---|---|
| 1 | DC: | It is open to us in the Singapore proceedings to raise any other substantive defence we want to raise. What is also not clear, and I don't have the material before me, is whether this claim and the way that they have made it, whether it is a claim on the underlying transaction or whether it is a case for common law enforcement of a judgment. But that is not before Your Honour in these proceedings. That is why it is very unfair for the defendant to face this argument now, when the time at which the point should have been ventilated was at the costs order stage. And the issues could have been fully ventilated before Your Honour on this issue. |
| 10 | Ct: | Is there anything else? |
| 11 | DC: | No. |
| 12 | Ct: | Mr Thuraisingam? |
| 13 | PC: | Nothing to add. |
| 14 | Ct: | I will allow the appeal. In my view, the plaintiffs have not behaved contumaciously or contumeliously. They have taken a view that the Mauritian judgment entitles them as a matter of law to a set-off. I don't have to decide today whether that claim is well-founded. But it does appear to me that that claim is sufficiently arguable to take the plaintiff's conduct – in failing to pay the costs ordered – out of the realm of contumelious or contumacious behaviour. |
| 21 | | I also take into account the fact that Mauritian judgment was a judgment on the merits, has not been appealed against and has not been impeached even informally by the defendant. |
| 24 | | I accept that the defendants did not submit to the Mauritian court's jurisdiction and did not participate in the Mauritian proceedings. But that to my mind, does not in itself necessarily detract from the accuracy of the Mauritian court's adjudication that there is a debt of US$5m owing from and by the defendant to the plaintiffs. If the defendant wishes to secure an unless order by characterising the plaintiffs' conduct as being contumacious or contumelious, then the burden is on them to show that the Mauritian judgment arguably does not correctly adjudicate on the merits. If it chooses not to do that in order to avoid an argument that it has submitted to the Singapore court's jurisdiction in these proceedings, then that is the consequence of the tactical position that it has chosen to take. It is perfectly entitled to take that position and I make no criticism of it, but I do not see that it is court's role to relieve it of the consequences of taking that position. |

1  PC:   In that case, I limit my submission on costs to $10,000: the same amount as
2        below.

3  Ct:   Mr Ashok?

4  DC:   As Your Honour has pointed out, a lot of their submissions turned on the
5        *Roberto* case and the application for leave to appeal as a substantive ground
6        as to why the Assistant Registrar went wrong. That has been denied. Your
7        Honour has found on one ground of set-off. I am asking for costs to be fixed
8        at $5,000 including disbursements.

9  Ct:   I accept the defendants' arguments on costs. The principal part of the
10       plaintiffs' submission did not succeed for the reasons I put to Mr
11       Thuraisingam in the course of arguments. I therefore consider that $5,000
12       including disbursements is a reasonable figure for this appeal.

13       On RA309/2016, I order as follows:

14       (1)    The appeal be and is hereby allowed.

15       (2)    The second defendant shall pay to the plaintiffs the costs of and
16              incidental to this appeal, such costs fixed at $5,000 including
17              disbursements.

18       Since I have allowed the appeal, it is understood that the costs order below
19       has also been set aside.

*[signature]*

Vinodh Coomaraswamy J

Certified true copy

*[signature]*
Private Secretary to Justice
Supreme Court Singapore



**IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE**

HC/S 1060/2015

Between

1. **FIRST GLOBAL FUNDS LIMITED PCC**
   (Mauritius Registration No. 27008/6674 C1/GBL)

2. **WESTON INTERNATIONAL ASSET RECOVERY COMPANY LIMITED**
   (Mauritius Registration No. 105758 C1/GBL)

3. **WESTON CAPITAL ADVISORS, INC**
   (United States Registration No. 4832195)

4. **WESTON INTERNATIONAL ASSET RECOVERY CORPORATION, INC**
   (Mauritius Registration No. C133333 C1/GBL)

… Plaintiff(s)

And

1. **PT BANK JTRUST INDONESIA, TBK**
   (Indonesia Registration No. Deed No. 136 dated May 30, 1989)

2. **J TRUST CO., LTD.**
   (Japan Registration No. 8508:TYO)

… Defendant(s)

### DEFENCE OF THE 1ST DEFENDANT

1. In this Defence, except where terms are specifically defined herein, the definitions and abbreviations in the Statement of Claim will be adopted.

2. The Statement of Claim discloses no reasonable cause of action. The Defence is filed without prejudice to the 1st Defendant's rights to apply to strike out the Statement of Claim.

The Plaintiffs

3. The 1st Defendant does not plead to paragraphs 1 to 4 of the Statement of Claim as the 1st Defendant does not have knowledge of the matters pleaded therein.

The Defendants

4. Save that the 1st Defendant is a bank incorporated and carrying out business activities in the Republic of Indonesia, paragraph 5 is denied.

5. The 1st Defendant's principal place of business is at Sahid Sudirman Center, 33rd Floor, Jl. Jend. Sudirman No. 86, Jakarta Pusat 10220, Indonesia.

6. Save that the 2nd Defendant's principal place of business is at 1-7-12 Toranomon, Minato-ku, Tokyo 105-0001, Japan, and that it is listed on the Tokyo Stock Exchange under the reference number 8508, paragraph 6 of the Statement of Claim is denied.

7. The 2nd Defendant is a holding company which sets management strategies and provides operational support for its subsidiaries and affiliated companies. The 2nd Defendant owns 98.9969% of the 1st Defendant's shares. The 1st Defendant is controlled and managed by its own board of directors.

8. The 1st Defendant does not plead to paragraphs 7 to 9 of the Statement of Claim as the 1st Defendant did not appear before the Mauritius Supreme Court and did not participate in any part of the Action.

9. As regards paragraph 10 of the Statement of Claim, if, which are not admitted, the Judgment and Judgment Debts are proved, it is denied that the Judgment is or was valid or binding upon the 1st Defendant, jointly and severally or otherwise, or that the Plaintiffs are entitled to rely upon the same as giving rise to the alleged or any cause of action. In particular, it is denied that the said court is one of competent jurisdiction for the reasons stated at paragraph 12 below.

10. As regards paragraph 11 of the Statement of Claim, the 1st Defendant makes no admission to the Mauritius statutory interest rate. Further, it is denied that the Judgment Debts, if proved, are due and owing to the Plaintiffs by the 1st Defendant for the reasons stated at paragraph 12 below.

11. In the premises, the 1st Defendant denies that it is liable to the Plaintiffs as alleged or at all or that the Plaintiffs are entitled to the relief sought or any part thereof.

12. Without prejudice to the generality of the foregoing:

    12.1. The 1st Defendant is not, and was not at any time in the course of the Action in which the Plaintiffs obtained the said Judgment, either resident or present in Mauritius, or otherwise subject to the jurisdiction of the said court.

    (i) The 1st Defendant is not and has never carried on business from a fixed place of business in Mauritius.

    (ii) There are no individuals or entities which have the authority to contract on behalf of the 1st Defendant, which have been carrying on the 1st Defendant's business from a fixed place of business for more than a minimal period of time in Mauritius.

    (iii) The 1st Defendant has no subsidiaries in Mauritius which are acting in the capacity of agent to the 1st Defendant in Mauritius.

12.2. The 1st Defendant did not appear in the said Action or otherwise submit to the jurisdiction of the said court.

    (i) The 1st Defendant has not submitted to the said court in respect of any dispute relating to the subject matters in the Judgment.

    (ii) The 1st Defendant has not submitted to the said court in respect of any dispute which is not related to the subject matters in the Judgment.

    (iii) The 1st Defendant has not utilised the said court's proceedings in relation to any unrelated matters/disputes to the Judgment

12.3. There is no agreement between the 1st Defendant and the Plaintiffs to submit to the jurisdiction of the said court in respect of the subject matter of the Action.

13. By reason of the matters stated above, the 1st Defendant denies that the Plaintiffs are entitled to the reliefs sought in the Statement of Claim or any relief.

14. Save as expressly admitted herein, the 1st Defendant denies each and every allegation in the Statement of Claim as if the same were set out and herein traversed seriatim.

Dated this 19th day of September, 2016.

*BlackOak*

_____

**BLACKOAK LLC**

Solicitors for the 1st Defendant

To: The Plaintiffs' solicitors:

**EUGENE THURAISINGAM LLP**

1 Coleman Street #07-06

The Adelphi, Singapore 179803

File Ref No: ET/2015-465

# APPENDIX 9

| Board Id | NOMSECS | | Last Update 01/19/2017 14:40 | | |
|---|---|---|---|---|---|
| | Convertible Bonds issued by PT Bank JTrust Indonesia TBK with USD 15M due 16 June 2009 and USD40M due 14 April 2011 | Summary Judgment Participation USD 120M Mareva | US$55 million | 45 / 48 | $5m X $5m |
| | PT Bank JTrust Indonesia TBK / J Trust Co., Ltd Interbank Deposit | Summary Judgment Participation USD 120M Mareva | US$24.4 million | 45 / 48 | $10m X $10m |
| | PT Bank JTrust Indonesia TBK / J Trust Co., Ltd Miscellaneous Claims | Summary Judgment Participation USD 120M Mareva | US$12.983 million | 45 / 48 | $5m X $5m |
| | PT Bank JTrust Indonesia TBK Series B Shares (Equity) @ IDR 70 Par Value (USD1 : IDR 13,500) | Expropriation by LPS / Tender of Shares by J | $10.1 million / 1,934,06,402 0 Series | / IDR 70 | $0 X $10.1m |

Australia 61 2 9777 8600  Brazil 5511 2395 9000  Europe 44 20 7330 7500  Germany 49 69 9204 1210  Hong Kong 852 2977 6000
Japan 81 3 3201 8900     Singapore 65 6212 1000    U.S. 1 212 318 2000      Copyright 2017 Bloomberg Finance L.P.
                                                                             SN 713002 H442-616-2 20-Jan-17 18:03:07 GMT  GMT+0:00