UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WESTON CAPITAL ADVISORS, INC.,

            *Plaintiff*,

    *-against-*

PT BANK MUTIARA TBK.,

            *Defendant*.

------------------------------------------------------------X

13 Civ. 6945 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Weston Capital Advisors, Inc. ("Weston")'s motion for disqualification "constitutes yet another chapter in [Weston's] longstanding, unapologetic, and willful defiance of numerous court orders mandating the return of $3.6 million improperly collected on a larger judgment awarded to" PT Bank Mutiara Tbk ("Bank Mutiara"). *Weston Capital Advisors, Inc. v. PT Bank Mutiara*, 771 F. App'x 102 (2d Cir. 2019) (summary order) ("*Weston III*"). The Court assumes familiarity with the case and the procedural history. *See id.*

    Weston now asks the Court to recuse itself from the action under 28 U.S.C. §§ 144, 455(a), and 455(b)(1). Dkt. 247. Bank Mutiara moves for cross-sanctions arguing the motion for disqualification is frivolous. Dkt. 244.

    For the foregoing reasons, Weston's motion for recusal is DENIED and Bank Mutiara's cross-motion for sanctions is GRANTED.

## BACKGROUND

    On November 19, 2013, the Court ordered Weston to return improperly collected funds. (the "November 13 Order"). Dkt. 37. Weston has never complied with the order. Over the

course of the next *four years*, this Court entered numerous contempt orders which Weston continuously ignored. *See e.g.*, Dkts. 63, 147, 181. The Second Circuit affirmed these orders. *See Weston Capital Advisors, Inc. v. PT Bank Mutiara*, 667 F. App'x 15, 17-18 (2d Cir. 2016) (summary order) ("*Weston I*"); *Weston Capital Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 F. App'x 19 (2d Cir. 2018) (summary order) ("*Weston II*").

Following years of Weston's defiance of court orders, the Court entered an order on February 13, 2017 (the "February 2017 Contempt Order"), scheduling the turnover of Weston's assets and equity interests to Bank Mutiara. Dkt. 195. The Court ordered that the equity interests in Weston and its affiliate entities be "revested" in Bank Mutiara, rendering Bank Mutiara the owner of Weston and its related corporate entities. This order, including the revesting of Weston's equity interests in Bank Mutiara, was also affirmed by the Second Circuit. *See Weston II*, 738 F. App'x at 22.

On September 14, 2018, Weston commenced an action in the Delaware Court of Chancery seeking a declaratory judgment that Weston's board of directors remains what it was prior to the transfer of ownership to Bank Mutiara. Effectively, Weston sought to undermine and re-litigate this Court's February 2017 Contempt Order, affirmed by the Second Circuit, that Bank Mutiara "owns" the Weston entities. *See Weston II*, 738 F. App'x at 22.

On September 25, 2018, the Court ordered Weston to show cause why it should not be enjoined from prosecuting the Delaware action. Dkt. 220. The Court granted Weston an opportunity to file an opposition by October 1 and scheduled a show cause hearing for October 4. (*Id.*)

On September 27, 2018, Alex Kriegsman ("Kriegsman") filed a notice of appearance on behalf of Weston and a motion for a three-week extension of time to respond to the Order to

2

Show Cause. Dkt. 222. Bank Mutiara declined to consent to the extension unless Weston agreed to stay the Delaware Action. Dkt. 223. On October 1, 2018, the Court denied Weston's request for a three-week extension ("October 2018 Extension Order") but added that it would "consider a shorter request, provided it is on consent." Dkt. 226.

Weston did not renew its request for an extension of time. Weston failed to submit an opposition brief and did not appear at the show cause hearing on October 4. Thus, on October 4, 2018, the Court entered an order enjoining Weston from re-litigating the Court's February 2017 Contempt Order, affirmed by the Second Circuit, that Bank Mutiara "owns" the Weston entities. Weston appealed this order to the Second Circuit. Dkt. 230. On June 28, 2019, the Second Circuit affirmed the Court's October 2018 Extension Order. *See Weston III*, 771 F. App'x at 102.

Meanwhile, although nothing was pending in this Court, Kriegsman filed a motion on December 21, 2018 asking the Court to recuse itself from the action, relying on 28 U.S.C. §§ 144, 455(a), and 455(b)(1). Kriegman's purported grounds for recusal are (1) the Court's decisions and statements in this action, including with respect to the timing of briefing on the application for an injunction; and (2) the Court's brother's employment at Kelley Drye & Warren, Weston's own counsel until mid-2014.

On December 24, 2018, Bank Mutiara served Kriegsman with notice of the motion to sanction and a copy of the motion for sanctions. *See* Dkt. 245 at 8; Dkt. 246. Weston did not withdraw its motion for recusal. On January 17, 2019, Bank Mutiara filed a motion for sanctions arguing that Weston's recusal motion was objectively without basis. Dkt. 245.

3

# DISCUSSION

## I. Motion for Recusal

### A. Legal Standard

Recusal motions are committed to the discretion of the judge who is being asked to recuse himself.[1] *See Apple v. Jewish Hospital & Medical Center*, 829 F.2d 326, 333 (2d Cir. 1987). Section 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455. Additionally, Section 455(b)(1) requires recusal where a judge has a personal bias or prejudice concerning a party. (*Id.*) Section 144 provides that a judge should recuse himself when the party has filed a "timely and sufficient affidavit" showing that the judge has a personal bias or prejudice against the party or in favor of an adverse party. 28 U.S.C. § 144.

The Second Circuit has interpreted 28 U.S.C. § 455 to require recusal if "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal," or alternatively, if "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned," *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotations omitted). Affidavits in support of the motions pursuant to §§ 144 and 455(b)(1) require a factual demonstration of bias, not simply the appearance of impropriety. *Hoatson v. New York Archdiocese*, No. 05 CIV. 10467 (PAC), 2006 WL 3500633, at *2 (S.D.N.Y. Dec. 1, 2006).

"[J]udicial rulings alone almost never constitute a valid basis for bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994). Additionally, opinions formed by

---

[1] Upon appeal, the appellate court will overturn a judge's refusal to recuse himself only if the judge "indisputably" abused his discretion, and not merely because the appellate court might have ruled in a different manner. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

judges during "the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Furthermore, motions for recusal must be filed "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *United States v. Wallach*, 788 F. Supp. 739, 742 (S.D.N.Y.), *aff'd*, 979 F.2d 912 (2d Cir. 1992).

The Court has an affirmative duty not to disqualify itself unnecessarily. *See Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966). Accordingly, a judge is as much obliged not to recuse himself when it is not called for as he is obliged to recuse when it is called for. Although Weston may be unhappy with the schedule set to respond to the Order to Show Cause,[2] they are only "entitled to an unbiased judge; not to a judge of their choosing." *See In re Drexel*, 861F.2d at 1312.

**B. Analysis**

**1. The Court's Statements and Decisions, and Recent Events**

Weston's claim that the Court is biased based on a ruling denying a request for an extension to respond to an Order to Show Cause is without merit. *See Liteky*, 510 U.S. at 541 ("[J]udicial rulings alone almost never constitute a valid basis for bias"). This Court, in denying the extension, noted that it would consider a shorter request on consent. Weston did not renew its request for an extension of time, nor did it file an opposition brief or appear at the show cause hearing on October 4, 2018. Weston's claimed lack of an "opportunity to be heard" is a problem entirely of its own making. (*See* Pl. Mot. at 12, Dkt. 250). The Second Circuit affirmed that the

---

[2] The Court notes that Weston did not renew its request for an extension of time, nor did it file an opposition brief or appear at the show cause hearing on October 4, 2018.

5

Court did not abuse its discretion in denying Weston's motion for an extension of time. Further as noted by the Second Circuit, "in light of [Weston's] protracted and flagrant disregard of successive court orders, the District Court acted prudently by requiring Bank Mutiara's consent as a necessary condition for granting any extension." *Weston III*, 771 F. App'x at 102. Accordingly, no objective person would reasonably question the Court's impartiality under these circumstances. *See Yousef*, 327 F.3d at 169.

Further, the Declaration submitted by Jamir Udhin in support of the motion for disqualification includes various statements from the record dating back to 2013 under the title: "Apparent Bias Against Mr. Liegey and Other Weston Entities." Dkt. 248. Thus, despite counsel's suggestion that the only basis for recusal motion is "the recent sequence of events" the Court addresses the claims of bias in Udhin's Declaration. The claims are untimely. *See Wallach*, 788 F. Supp. at 742. After reviewing the record, the Court sees nothing in its comments that "go beyond the kind of garden-variety admonishment typically issued by courts" to non-compliant litigants. *Datiz v. Int'l Recovery Assocs., Inc.*, No. 215CV03549ADSAKT, 2019 WL 1900472, at *5 (E.D.N.Y. Apr. 29, 2019). And in any event, the Second Circuit has affirmed the Court's determinations as to Bank Mutiara's unclean hands, impropriety of Weston's refusal to return Bank Mutiara's money, and Mr. Liegey's credibility as a witness. *Weston Capital Advisors, Inc. v. PT Bank Mutiara*, 667 F. App'x 15, 17-18 (2d Cir. 2016) (summary order). Further, judges do not evidence bias simply by forming opinions based on current or prior judicial proceedings. *Liteky*, 510 U.S. at 555. It is certainly relevant and within the Court's discretion to consider a litigant's compliance with court orders and credibility in rendering decisions. *Id.* at 551.

## 2. Relationship to Kelley Drye

Recognizing and effectively conceding that the first purported basis for recusal is meritless, Weston offers additional support for its motion.[3] Weston's claim that the Court's familial relationship with a partner of Kelley Drye evidences bias justifying recusal is also meritless and untimely. And Weston's attempt to walk back this claim on reply by characterizing the argument "as relevant context" fares no better. (*See* Reply at 2, Dkt. 251.)

There is no evidence that the Court's brother played any role in the representation or proceedings, nor does Weston suggest otherwise. The fact that the Court's brother worked for a law firm that previously represented Weston *four years ago* does not warrant recusal. *See United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) ("Where a case ... involves remote, contingent, indirect or speculative interests, disqualification is not required."). Weston's theory that the Court "overcompensated for its initial favorable treatment [to Weston] by unfairly penalizing," Weston, (Pl. Mot. at 4, 13, Dkt. 250), when the Court ruled, in 2013, that Weston return $3.6 million it obtained from Bank Mutiara and held Weston in contempt for refusing to comply with the order is insufficient to establish bias. *See Liteky*, 510 U.S. at 541. Moreover, the decisions constituting Weston's purported unfavorable treatment have been affirmed by the Second Circuit, and Weston does not allege that the Second Circuit panels that affirmed those decisions were biased. *See Armatas v. Maroulleti*, No. 08-CV-0310 SJF RER, 2014 WL 455250, at *2 (E.D.N.Y. Feb. 4, 2014).

---

[3] *See* Pl. Mot. at 12 ("This conclusion [that bias exists] is buttressed by the history of this case and the Court's connection with WCAI's former counsel at Kelley Drye, where Judge Crotty's brother is a senior litigation partner.")

7

Further, this basis for recusal is clearly untimely. Kelley Drye ceased representing Weston in this action *over four years ago* and the Court disclosed its relationship with Kelley Drye *over five years ago*. Weston raised no objections. *See Wallach*, 788 F. Supp. at 742.

Accordingly, since no objective person would reasonably question the Court's impartiality under these circumstances and most of the complained of conduct is clearly untimely, there is no basis for disqualification.

## II. Motion for Sanctions

Under Rule 11, a court may impose sanctions, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." *See* Fed. R. Civ. P. 11(c)(1). A pleading or motion violates Rule 11 if it is "frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002). When sanctions are initiated by motion, the standard for triggering the award of fees under Rule 11 is objective unreasonableness. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012). When considering whether to impose monetary sanctions based on meritless pleadings, the operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands." *Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 21-22 (2d Cir. 2018). Under Rule 11's safe harbor provision, the subject of the sanctions motion must be served at least 21 days in advance of the filing of the sanctions motion. *See* Fed. R. Civ. P. 11(c)(2). The court has wide discretion in deciding when sanctions are appropriate. *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004).

Weston's response in opposition to the motion for sanctions is telling. The response attempts to abandon half of the meritless arguments that were made in the "argument" section of the motion for recusal and in the accompanying declaration under the title "Apparent Bias." The response is not persuasive. Bank Mutiara complied with Rule 11's procedural requirements including the safe harbor provision and Weston refused to withdraw the motion within 21 days. *Star*, 682 F.3d at 176.[4] The Court finds, given the circumstances, that the motion to recuse is frivolous, with no chance of success, in violation of Rule 11. Even giving Kriegsman the benefit of the doubt and accepting the argument that the motion concerned "recent events" and a "lack of opportunity to be heard," the Court finds that a motion for disqualification for bias based on a denial of a three-week extension is objectively unreasonable particularly where Weston did not submit opposition briefing and failed to appear for the hearing. Further, the Court offered to consider a shorter extension and Weston failed to request one. In such circumstances, Weston's unhappiness with the Court's briefing schedule is an objectively unreasonable and frivolous basis for a motion to disqualify. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."). While Kriegsman may be new to this matter, Weston's longstanding and willful practice of failing to comply with court orders over several years is not;

---

[4] Weston cites no authority for the proposition that the Court also had to provide Weston notice that its motion might be sanctionable under Rule 11. Nor does Weston cite any authority for the proposition that Weston's motion is shielded from sanctions because the Court had to cancel the pre-motion conference and permitted the parties to file their motions without a pre-motion conference. The Court is not imposing sanctions at its own initiative. Weston was on notice that Bank Mutiara would seek sanctions if Weston filed the motion for recusal. Weston had 21 days under the safe harbor provision to withdraw the motion for recusal and did not do so. The pre-motion conference requirement allows courts to narrow and resolve conflicts between parties before the filing of motions; it does not impermissibly foreclose the filing of a motion which the Federal Rules of Civil Procedure otherwise permit. *Youssef v. Halcrow, Inc.*, 2011 WL 2693527, 11-cv-2283(PKC), *1 (S.D.N.Y. June 30, 2011). Of course, a court has discretion to hold a pre-motion conference where it decides a motion is ill-advised. But from that it does not follow that a court must hold a pre-motion conference to notify a party that a motion might merit sanctions where the court is not imposing sanctions at its own initiative. *See also Star*, 682 F.3d at 177 ("A judge's warning that a proposed filing appears meritless and may subject that party and/or counsel to sanctions is, plainly, not a procedural rule precluding that party from bringing the filing.").

it is evident from a cursory review of the docket. The Court, in such circumstances, is entitled to consider a litigant's compliance with court orders and credibility just as courts often consider the number of previous requests for extensions when they decide whether to grant a new request for an extension of time.

Accordingly, the Court GRANTS Bank of Mutiara's motion for sanctions against Kriegsman under Rule 11 and orders that Kriegsman (1) pay Bank of Mutiara its attorneys' fees spent in opposing the motion for disqualification and in preparing the motion for sanctions; and (2) forfeit to the Court any fees Weston paid him for opposing the present motion for sanctions.[5]

## **CONCLUSION**

For the foregoing reasons, Weston's motion for recusal is DENIED and Bank Mutiara's cross-motion for sanctions is GRANTED. Kriegsman is ordered to (1) pay Bank of Mutiara its attorneys' fees spent in opposing the motion for disqualification and in preparing the motion for sanctions; and (2) forfeit to the Court any fees Weston paid him for opposing the present motion for sanctions. The Clerk of the Court is directed to terminate the motions at Dkt. 247 and Dkt. 244.

Dated: New York, New York
September __, 2019

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

---

[5] The Court declines to grant sanctions under 28 U.S.C. § 1927 because the court does not make a finding of conduct akin to bad faith, only objective unreasonableness. *See Star*, 682 F.3d at 178-79.